# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HARVEY DUNCAN,                )
                              )
    Petitioner,          )
                              )   Civil Action No. 11-682
  v.                         )   Judge Cercone
                              )   Magistrate Judge Bissoon
COMMONWEALTH of PA,           )
                              )
    Respondent.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Petitioner's failure to comply with the orders of this Court. It further is recommended that, to the extent that one is applicable, a certificate of appealability be denied.

### II. REPORT

Harvey Duncan ("Petitioner") currently is being held at the Allegheny County Jail ("ACJ") in Pittsburgh, Pennsylvania. Petitioner filed the instant habeas petition, without filing fee or motion for leave to proceed *in forma pauperis* ("IFP") on May 23, 2011. (Doc. 1). On the following day, this Court ordered Petitioner to submit the applicable filing fee, or to file a motion to proceed IFP, as well as a certified accounting statement for his prison trust account, on or before June14, 2011. (Doc. 2 at 1). Petitioner responded with a copy of a petition to continue his IFP status for the purposes of his appeal in state court, and the order of the Court of Common Pleas of Allegheny County granting this petition, on June 9, 2011. Construing his filing as a

motion for leave to proceed IFP, Petitioner has failed to provide a certified copy of his prison trust account statement – thus making it impossible for this Court to rule on such a motion.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Petitioner's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Respondents. As such, there is no indication that Respondents have been prejudiced.

(3) A history of dilatoriness.

Petitioner has not made any effort to move this case forward and has ignored this Court's order. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Petitioner is an inmate proceeding *pro se*. Thus, the imposition of costs or fees upon Petitioner would likely be ineffective as a sanction.

(6) Meritoriousness of Petitioner's case.

At this early stage in these proceedings, it is impossible for this Court to determine properly whether Petitioner's claims have merit. This factor weighs neither for nor against dismissal.

Because four of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed without prejudice. Additionally, to the extent that one is required, a certificate of appealability should be denied, because jurists of reason would not find it debatable whether Petitioner had failed to comply with the orders of this Court. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Petitioner's failure to comply with the orders of this Court. Additionally, it is recommended that, to the extent that one is applicable, a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Petitioner is allowed until October 31, 2011, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 16, 2011s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**HARVEY DUNCAN**
DOC 274
Allegheny County Prison
Pittsburgh, PA 15219